UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARIUS MILLER, et al.,

    Plaintiffs,

    v.

SECURITY LIFE OF DENVER INSURANCE COMPANY, et al.,

    Defendants.
_____/

No. C 11-1175 PJH

**ORDER GRANTING MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT**

The motion of third-party defendant AVIVA American Investors Life Insurance Company, Inc. ("AVIVA") to dismiss the amended third-party complaint filed by defendants and third-party plaintiffs Security Life of Denver Insurance Company ("Security Life") and ING America Equities, Inc. ("ING America") came on for hearing before this court on December 14, 2011. AVIVA appeared by its cousel Jeffrey Grantham, J. Ethan McDaniel, and Duncan MacDonald; Security Life and ING America appeared by their counsel David Noonan; and plaintiffs appeared by their counsel Brian Villarreal. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion as follows for the reasons stated at the hearing.

Security Life and ING America allege two causes of action in the amended third-party complaint – a claim of equitable indemnity and a claim of contribution. Under Federal Rule of Civil Procedure 14(a), a third-party claim may be asserted only where a third-party

defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim and is secondary or derivative thereto. Stewart v. American International Oil & Gas Co., 845 F.2d 196, 199 (9th Cir. 1988). A third-party claim cannot simply be an independent or related claim but must be based upon the plaintiff's claim against the defendant. Id. at 200.

AVIVA argues that the contribution and indemnity claims alleged in the amended third-party complaint fail because they are based only on possible future events, not on any judgment that has been entered against Security Life and ING America and paid by them. However, several United States Circuit Courts of Appeal, including the Ninth Circuit, have held that Rule 14(a) permits a defendant to pursue contribution and indemnity claims even though the defendant's claim is purely inchoate – i.e., has not yet accrued under the governing substantive law – so long as the third-party defendant may become liable for all or part of the plaintiff's judgment. See Andrulonis v. United States, 26 F.3d 1224, 1233 (2d Cir. 1994); Green v. U.S. Dep't of Labor, 775 F.2d 964, 971 n.7 (8th Cir. 1985); Williams v. Ford Motor Credit Co., 627 F.2d 158, 160 (8th Cir. 1980); St. Paul Fire & Marine Ins Co v. U.S. Lines Co., 258 F.2d 374, 376 (2d Cir. 1958); Mid-States Ins. Co. v. American Fid. & Cas. Co., 234 F.2d 721, 731-32 (9th Cir. 1956); Glens Falls Indem. Co. v. Atlantic Bldg. Corp., 199 F.2d 60, 63 (4th Cir. 1952).

As a result, several district courts have ruled that it is not improper under Rule 14(a) for a defendant to bring a third-party claim for contribution and/or indemnity where the underlying claim is not yet ripe for adjudication. See, e.g., Hecht v. Summerlin Life & Health Ins. Co., 536 F.Supp. 2d 1236, 1240-42 (D.Nev. 2008) (third-party claims for contribution and indemnification brought by ERISA insurer against employer's agent were ripe for adjudication, notwithstanding that the claims were inchoate because insurer had yet to be found liable to former ERISA participant on main claim, given the interest in resolving all claims in single litigation).

The claims asserted by Security Life and ING America do fail, however, because California law does not permit apportionment of damages for breach of contract, unless the

parties have expressly contracted with respect to duty to indemnify.  See Stop Loss Ins. Brokers, Inc. v. Brown & Toland Med. Group, 143 Cal. App. 4th 1036, 1040-42 & n.2 (2006).  In addition, a claim for contribution arises only where a "money judgment has been rendered jointly against two or more defendants in a tort action."  Cal. Civ. Code § 875(a); see also id. § 875(c).

As the sole cause of action asserted in the underlying complaint is a claim for breach of contract, the claims for contribution and equitable indemnity fail to state a claim against AVIVA.  See Smith v. Parks Manor, 197 Cal. App. 3d 872, 878-79 (1987) (claim for indemnification or contribution accrues when "the indemnity or party seeking contribution suffers a loss through payment of a judgment debt (or settlement) or through payment of more than his fair share of damages").

The dismissal is WITH LEAVE TO AMEND, as stated at the hearing.  Security Life and ING American shall file the second amended third-party complaint no later than January 4, 2011, and AVIVA shall file its response no later than 21 days after the second amended third-party complaint is filed.

**IT IS SO ORDERED.**

Dated: December 14, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge