United States District Court
For the Northern District of California

1
2
3
4
5                          UNITED STATES DISTRICT COURT
6                          NORTHERN DISTRICT OF CALIFORNIA
7
8
9
DARIUS MILLER, et al.,
10
              Plaintiffs,                    No. C 11-1175 PJH
11
        v.                                   **ORDER GRANTING MOTION TO
12                                           DISMISS AMENDED THIRD-PARTY
SECURITY LIFE OF DENVER                      COMPLAINT**
13  INSURANCE COMPANY, et al.,
14            Defendants.
    _____/
15

16        The motion of third-party defendant AVIVA American Investors Life Insurance

17  Company, Inc. ("AVIVA") to dismiss the amended third-party complaint filed by defendants

18  and third-party plaintiffs Security Life of Denver Insurance Company ("Security Life") and

19  ING America Equities, Inc. ("ING America") came on for hearing before this court on

20  December 14, 2011.  AVIVA appeared by its cousel Jeffrey Grantham, J. Ethan McDaniel,

21  and Duncan MacDonald; Security Life and ING America appeared by their counsel David

22  Noonan; and plaintiffs appeared by their counsel Brian Villarreal.  Having read the parties'

23  papers and carefully considered their arguments and the relevant legal authority, and good

24  cause appearing, the court hereby GRANTS the motion as follows for the reasons stated at

25  the hearing.

26        Security Life and ING America allege two causes of action in the amended third-

27  party complaint – a claim of equitable indemnity and a claim of contribution.  Under Federal

28  Rule of Civil Procedure 14(a), a third-party claim may be asserted only where a third-party

United States District Court

For the Northern District of California

1  defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim

2  and is secondary or derivative thereto.  Stewart v. American International Oil & Gas Co.,

3  845 F.2d 196, 199 (9th Cir. 1988).  A third-party claim cannot simply be an independent or

4  related claim but must be based upon the plaintiff's claim against the  defendant.  Id. at

5  200.

6      AVIVA argues that the contribution and indemnity claims alleged in the amended

7  third-party complaint fail because they are based only on possible future events, not on any

8  judgment that has been entered against Security Life and ING America and paid by them.

9  However, several United States Circuit Courts of Appeal, including the Ninth Circuit, have

10 held that Rule 14(a) permits a defendant to pursue contribution and indemnity claims even

11 though the defendant's claim is purely inchoate – i.e., has not yet accrued under the

12 governing substantive law – so long as the third-party defendant may become liable for all

13 or part of the plaintiff's judgment.  See Andrulonis v. United States, 26 F.3d 1224, 1233 (2d

14 Cir. 1994); Green v. U.S. Dep't of Labor, 775 F.2d 964, 971 n.7 (8th Cir. 1985); Williams v.

15 Ford Motor Credit Co., 627 F.2d 158, 160 (8th Cir. 1980); St. Paul Fire & Marine Ins Co v.

16 U.S. Lines Co., 258 F.2d 374, 376 (2d Cir. 1958); Mid-States Ins. Co. v. American Fid. &

17 Cas. Co., 234 F.2d 721, 731-32 (9th Cir. 1956); Glens Falls Indem. Co. v. Atlantic Bldg.

18 Corp., 199 F.2d 60, 63 (4th Cir. 1952).

19     As a result, several district courts have ruled that it is not improper under Rule 14(a)

20 for a defendant to bring a third-party claim for contribution and/or indemnity where the

21 underlying claim is not yet ripe for adjudication.  See, e.g., Hecht v. Summerlin Life &

22 Health Ins. Co., 536 F.Supp. 2d 1236, 1240-42 (D.Nev. 2008) (third-party claims for

23 contribution and indemnification brought by ERISA insurer against employer's agent were

24 ripe for adjudication, notwithstanding that the claims were inchoate because insurer had yet

25 to be found liable to former ERISA participant on main claim, given the interest in resolving

26 all claims in single litigation).

27     The claims asserted by Security Life and ING America do fail, however, because

28 California law does not permit apportionment of damages for breach of contract, unless the

United States District Court

For the Northern District of California

1  parties have expressly contracted with respect to duty to indemnify.  See Stop Loss Ins.

2  Brokers, Inc. v. Brown & Toland Med. Group, 143 Cal. App. 4th 1036, 1040-42 & n.2

3  (2006).  In addition, a claim for contribution arises only where a "money judgment has been

4  rendered jointly against two or more defendants in a tort action."  Cal. Civ. Code § 875(a);

5  see also id. § 875(c).

6         As the sole cause of action asserted in the underlying complaint is a claim for breach

7  of contract, the claims for contribution and equitable indemnity fail to state a claim against

8  AVIVA.  See Smith v. Parks Manor, 197 Cal. App. 3d 872, 878-79 (1987) (claim for

9  indemnification or contribution accrues when "the indemnity or party seeking contribution

10 suffers a loss through payment of a judgment debt (or settlement) or through payment of

11 more than his fair share of damages").

12        The dismissal is WITH LEAVE TO AMEND, as stated at the hearing.  Security Life

13 and ING American shall file the second amended third-party complaint no later than

14 January 4, 2011, and AVIVA shall file its response no later than 21 days after the second

15 amended third-party complaint is filed.

16

17 **IT IS SO ORDERED.**

18 Dated: December 14, 2011

19                                                                    _____

20                                                                    PHYLLIS J. HAMILTON
                                                                      United States District Judge

21

22

23

24

25

26

27

28

3