UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARIUS MILLER, et al.,

    Plaintiffs,

    v.

SECURITY LIFE OF DENVER INSURANCE COMPANY, et al.,

    Defendants.
_____/

No. C 11-1175 PJH

**ORDER GRANTING MOTION TO DISMISS IN PART AND DENYING IT IN PART**

The motion of third-party defendant AVIVA American Investors Life Insurance Company, Inc. ("AVIVA") for an order dismissing the first amended third-party complaint filed by defendants and third-party plaintiffs Security Life of Denver Insurance Company ("Security Life") and ING American Equities, Inc. ("ING America") (collectively "Security/ING") came on for hearing before this court on February 29, 2012. Security/ING appeared by their counsel David Noonan; and AVIVA appeared by its counsel J. Ethan McDaniel and Duncan MacDonald. Plaintiffs Darius and Dara Miller also appeared, by their counsel John Bartko and Brian Villarreal.

Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion in part and DENIES it in part as follows and for the reasons stated at the hearing.

**BACKGROUND**

The underlying complaint in this action was filed by plaintiffs Darius Miller and Dara Miller, sons of Bruce Miller, deceased. In early 2008, approximately two years before he

died of cancer, Bruce Miller named plaintiffs as the primary beneficiaries on a $2,000,000 policy of life insurance issued by Security's predecessor, Southland Insurance Company. In December 2008, Security/ING received a request for a 1035 Exchange, authorizing surrender of the policy and the forwarding of the proceeds to AVIVA for purchase of an annuity. Plaintiffs allege that the signature on the 1035 Exchange purporting to be Bruce Miller's was in fact a forgery.

On January 13, 2009, Security Life cancelled the policy and forwarded the cash surrender value ($329,668.96) to AVIVA. After Bruce Miller died in February 2010, AVIVA tendered the annuity death benefits to plaintiffs, paying each of them $188,815.46. Thereafter, plaintiffs returned the checks to AVIVA, stating that they were currently involved in litigation with Security/ING regarding the life policy. Plaintiffs filed the present action on March 10, 2011, alleging that it was not Bruce Miller who signed the 1035 Exchange, and that the policy therefore remains in effect. Plaintiffs assert that Security/ING is obligated to pay each of them $1,000,000, plus any legally required interest.

On August 26, 2011, Security/ING filed a third-party complaint against AVIVA and insurance broker George Shaeffer, alleging derivative claims of equitable indemnity and contribution. Security/ING denied having breached any obligation owing to plaintiffs, but asserted that if plaintiffs prevailed on their complaint, Security/ING would be entitled to indemnity from AVIVA and Shaeffer.

AVIVA moved to dismiss, and on December 14, 2011, the court issued an order granting the motion, on the basis that California law does not permit apportionment of damages for breach of contract, unless the parties have expressly contracted with respect to the duty to indemnify; and that under California Civil Code § 875, a claim for contribution arises only where a money judgment has been rendered jointly against two or more defendants in a tort action. Accordingly, the court found, because the sole cause of action asserted in the underlying complaint was a claim for breach of contract, and because no judgment had been entered, the claims for contribution and equitable indemnity failed to state a claim against AVIVA. See December 14, 2011 Order at 1-3. The dismissal was

with leave to amend.

On January 4, 2012, Security/ING filed a first amended third-party complaint against AVIVA and George Shaeffer, asserting claims for implied contractual indemnity, declaratory relief, negligent misrepresentation, money had and received, equitable indemnity, and contribution. The last two causes of action (equitable indemnity and contribution) are alleged against Shaeffer only, and the first four (implied contractual indemnity, declaratory relief, negligent misrepresentation, and money had and received) are alleged against AVIVA only. AVIVA now seeks an order dismissing the claims asserted against it.

**DISCUSSION**

A.   Legal Standards

   1.   Impleader (Third-Party Practice)

Impleader is the procedure by which a defending party may join third persons in order to transfer liability being asserted against it in the underlying lawsuit. Under Federal Rule of Civil Procedure 14, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). The purpose of impleader is to promote judicial efficiency by eliminating the need for a defendant to bring a separate action against parties secondarily or derivatively liable to the defendant on account of the plaintiff's claim. Southwest Admins., Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986).

Because Rule 14(a) is procedural, and creates no substantive remedies, the third-party plaintiff must demonstrate an existing right of action against the third-party defendant. In addition, a third party claim may be asserted under Rule 14(a)(1) only when the third party's liability is in some way dependent on the outcome of the main claim, or when the third party is secondarily liable to the defending party. C. Wright, A. Miller, M. Kane, R. Marcus, 6 Federal Practice and Procedure (3d ed. 2011) § 1446; see also Stewart v. American Int'l Oil and Gas Co., 845 F.2d 196, 199-200 (9th Cir. 1988); United States v. One 1977 Mercedes Benz, 708 F.2d 444, 452 (9th Cir. 1983). That is, a defendant bringing a third-party claim must be attempting to transfer to the third party a liability

asserted by the original plaintiff against that defendant. Stewart, 845 F.2d at 200; see also 6 Wright & Miller, et al., § 1446.

 2. Federal Rule of Procedure 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.

Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

All allegations of material fact are taken as true. Id. at 94. However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949-50 (2009). A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 558-59. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. __, 129 S.Ct. at 1950.

In addition, when resolving a motion to dismiss for failure to state a claim, the court may not generally consider materials outside the pleadings, although the court may

4

consider a matter that is properly the subject of judicial notice.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see also Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).  Additionally, the court may consider exhibits attached to the complaint, see Hal Roach Studios, Inc. V. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), and documents referenced by the complaint and accepted by all parties as authentic.  See Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002).

B.  AVIVA's motion

AVIVA seeks an order dismissing the first amended third-party complaint ("ATPC"), with prejudice.  AVIVA argues that Security/ING's claims against AVIVA fail because there is no showing that AVIVA could be liable to the original plaintiffs; and that the causes of action asserted against AVIVA (implied contractual indemnity, money had and received, negligent misrepresentation, and declaratory relief) all fail to state a claim.

2.  Whether Security/ING's claims fail because they fail to establish that AVIVA would be liable to original plaintiffs

AVIVA argues that the claims asserted in the ATPC fail because, in order to succeed on any derivative claim, Security/ING would have to establish that AVIVA is liable to the original plaintiffs.  AVIVA asserts that the events at issue occurred prior to Bruce Miller's death in February 2010, and that during Bruce Miller's lifetime, the plaintiffs held only an expectancy interest in the life insurance policy.  See Estate of Mitchell v. Mitchell, 76 Cal. App. 4th 1378, 1392-93 (1999).  AVIVA asserts that because of their status as beneficiaries, Darius and Dara Miller have no independent tort claims against AVIVA relating to the formation of the contract, since those claims belong to Bruce Miller, or now, to his estate.  Thus, AVIVA argues, Darius and Dara Miller lack capacity to sue AVIVA, and thus, since AVIVA cannot be liable to plaintiffs, Security/ING has no claim against AVIVA.

In opposition, Security/ING asserts that upon death, the interest of a beneficiary in a life insurance policy becomes enforceable in equity and therefore develops into a right. See Grimm vs. Grimm, 26 Cal. 2d 173, 176 (1945).  Security/ING also cites a number of

cases in which a former beneficiary, divested of his or her status by acts and conduct of others during the life of the decedent, was permitted to sue to vindicate their former expectancy following the demise of the decedent. See Getty v. Getty, 187 Cal. App. 3d 1159, 1160 (1986); Orcutt v. Ferranini, 237 Cal. App. 2d 216, 221 (1965); Waters v. Conselho Supremo Da Uniao Portuguesa Do Estado De California, 38 Cal. App. 360 (1919).

It is undisputed that Darius and Dara Miller were beneficiaries of the life policy at the time that Bruce Miller switched out of the paid-up life policy in favor of the AVIVA annuity. It is also undisputed that they were beneficiaries under the AVIVA annuity. The court finds that Security/ING's claims against AVIVA are dependent on the outcome of the breach of contract claim in the underlying action, and thus, that the ATPC cannot be dismissed on this basis. The court finds further that a decision regarding whether Darius and Dara Miller would have the capacity to sue AVIVA is beyond the scope of a 12(b)(6) motion to dismiss a third-party complaint. Accordingly, the motion is DENIED.

    2.    Whether the ATPC states a claim against AVIVA

        a.    Claim for money had and received

A claim for money had and received "lies wherever one person has received money which belongs to another, and which in equity and good conscience should be paid over to the latter." Weiss v. Marcus, 51 Cal. App. 3d 590, 599 (1975) quoted in Gutierrez v. Girardi, 194 Cal. App. 4th 925, 937 (2011); see also Schultz v. Harney, 27 Cal. App. 4th 1611, 1623 (1994) (cause of action is available where plaintiff has paid money to defendant pursuant to a contract that is void for illegality). AVIVA contends that Security/ING's claim for money had and received should be dismissed because it is based solely on the contention that the surrender funds should be returned in the event Security/ING is held liable to the original plaintiffs, and that in attempting to implead the funds at issue, it has mooted this claim.

The motion is DENIED. At this point, while AVIVA has stated a willingness to deposit the $329,668.96 into the Registry of the Court, it has apparently taken no

affirmative steps to comply with the requirements imposed upon a stakeholder who wishes to deposit disputed funds or property with the court. See Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2011 ed.) §§ 10-181, et seq. While Security/ING's cause of action for money had and received may ultimately be mooted, the court finds no basis at present to dismiss this claim.

### b. Claim for implied contractual indemnity

Implied contractual indemnity is a form of equitable indemnity, and is subject to the rules governing equitable indemnity claims. Prince v. Pac. Gas. & Elec. Co., 45 Cal. 4th 1151, 1160-61 (2009). AVIVA asserts that the Security/ING's claim for implied contractual indemnity fails for the same reason that their prior claim for equitable indemnity failed – because California does not allow for apportionment of damages for breach of contract.

The court agrees. As explained in the order dismissing the original third-party complaint, California law does not permit apportionment of damages for breach of contract, unless the parties have expressly contracted with respect to the duty to indemnify. See Stop Loss Ins. Brokers, Inc. v. Brown & Toland Med. Group, 143 Cal. App. 4th 1036, 1040-42 & n.2 (2006). Security/ING does not disagree with this ruling, does not attempt to claim that there was an express agreement regarding indemnity between themselves and AVIVA, and does not disagree that a claim for implied contractual indemnity is a form of equitable indemnity subject to the rules governing equitable indemnity claims.

Security/ING's argument that California courts will entertain claims of implied contractual indemnity where contract damages are involved is misleading, as that rule would apply only in a case where there were tort claims in addition to contract claims. However, in a case such as this one, apportionment is not possible, as the only damages sought are contractual. A claim for equitable indemnity requires a tort claim asserted by the original plaintiff against the proposed indemnitee on which to base joint and several liability, between the proposed indemnitor and indemnitee. See id. at 1040. Thus, the focus is on the nature of the claims asserted by the underlying plaintiffs – here, a claim for breach of contract. Accordingly, the motion is GRANTED.

### c. Claim for negligent misrepresentation

In California, negligent misrepresentation has the following elements: (1) a false representation about a past or existing material fact, (2) made without any reasonable ground for believing it to be true, (3) with the intent to induce the plaintiff to rely upon it; (4) the plaintiff's reasonable and justified reliance on the false representation; and (5) resulting damages. See Continental Airlines, Inc. v. McDonnell Douglas Corp., 216 Cal. App. 3d 388, 402 (1989); see also Apollo Cap. Fund, LLC v. Roth Cap. Partners, LLC, 158 Cal. App. 4th 226, 243 (2007); Cadlo v. Owens-Illinois, Inc., 125 Cal. App. 4th 513, 419 (2004). In addition, claims for negligent misrepresentation (as is true for claims of fraud generally) must meet the particularity requirements of Federal Rule of Civil Procedure 9(b). Neilson v. Union Bank of Cal., N.A., 290 F.Supp. 2d 1101, 1141 (C.D. Cal. 2003).

AVIVA contends, however, that because this is a claim for negligent misrepresentation, Security/ING is required to allege facts showing a legal duty to use due care, breach of that duty, the breach as proximate cause resulting in injury, and damages (the elements of a cause of action for negligence, see, e.g., Jones v. Grewe, 189 Cal. App. 3d 950, 954 (1987)).  AVIVA asserts that the claim for negligent misrepresentation must be dismissed because Security/ING fails to allege facts showing that AVIVA owed them any duty, or that AVIVA breached any duty of care in this arms'-length transaction as a matter of California law.

In California, negligent misrepresentation is a species of actual fraud. See Lorenz v. Sauer, 807 F.2d 1509, 1511-12 (9th Cir. 1987); Bily v. Arthur Young & Co., 3 Cal. 4th 370, 407 (1992).  Accordingly, the court finds that it is unnecessary for Security/ING to do more than allege facts supporting the elements of negligent misrepresentation, as stated above. Moreover, the question of duty goes more to the merits, and the existence of a duty is not a proper subject of a Rule 12(b)(6) motion under the facts alleged in this case.  The motion is DENIED.

### d. Claim for declaratory relief

The claim for declaratory relief is brought under California Code of Civil Procedure

8

§ 1060, which authorizes "any person" who "desires a declaration of his or her rights with respect to another" to bring an action in the Superior Court of California for a judicial declaration. AVIVA asserts that the claim for declaratory relief fails because it is duplicative of the other claims.

The motion is GRANTED to the extent if is based on the implied indemnity claim. The motion is DENIED to the extent it is based on the claims of negligent misrepresentation and money had and received, and to the extent that it is a prayer for relief as opposed to a cause of action.

## CONCLUSION

In accordance with the foregoing, the motion to dismiss is GRANTED in part and DENIED in part. The motion is GRANTED as to the cause of action for implied contractual indemnity, and GRANTED as to the cause of action for declaratory relief, to the extent it is based on the implied contractual indemnity claim. Those claims are dismissed with prejudice. The motion is DENIED as to the cause of action for money had and received, the cause of action for negligent misrepresentation, and the cause of action for declaratory relief, to the extent that it is based on the claims for money had and received and negligent misrepresentation.

**IT IS SO ORDERED.**

Dated: March 26, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge