# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS MILLER *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>SECURITY LIFE OF DENVER INSUR. CO. *et al.*,<br><br>    Defendants.<br><br>AND RELATED ACTIONS. | Case No.: C-11-01175-YGR<br><br>**ORDER GRANTING MOTION OF AVIVA LIFE AND ANNUITY COMPANY TO DISMISS COUNTERCLAIM FOR DECLARATORY RELIEF WITHOUT LEAVE TO AMEND** |

    Defendants/ Third Party Plaintiffs/ Cross-Defendants in Interpleader/ Counterclaimants Security Life of Denver Insurance Company and ING America Equities, Inc. (collectively "Security/IAE") impleaded Third Party Defendant/ Cross-Complainant in Interpleader/ Counterclaim Defendant Aviva Life and Annuity Company ("Aviva") into this breach of insurance contract action claiming an entitlement to indemnity from Aviva if the Plaintiffs in the underlying action prevail on their breach of contract claim. Security/IAE's First Amended Third Party Complaint asserts four claims against Aviva, including one claim for Declaratory Relief pursuant to 28 U.S.C. §§ 2201-2202 and California Code of Civil Procedure § 1060. Aviva filed a Cross-Complaint in Interpleader, and Security/IAE Counterclaimed, alleging one cause of action for Declaratory Relief pursuant to 28 U.S.C. §§ 2201-2202 and California Code of Civil Procedure § 1060.

    Aviva filed a motion to dismiss on the grounds that the Counterclaim fails to state a claim, and the claim for Declaratory Relief in the Counterclaim is duplicative of the claim for Declaratory Relief in the First Amended Third Party Complaint.

    Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motion to Dismiss **WITHOUT LEAVE TO AMEND**.

## I. BACKGROUND

On February 8, 2011, Plaintiffs Darius Miller and Dara Miller, sons of Decedent Bruce Miller ("Decedent"), filed the underlying complaint in this action for breach of contract against Security/IAE.[1] In early 2008, approximately two years before he died, Decedent named Plaintiffs as the primary beneficiaries on a $2,000,000.00 life insurance policy ("Policy") issued by a predecessor to Security Life of Denver Insurance Company. In December 2008, Security/IAE received a request to surrender the Policy and to forward the cash proceeds to Aviva to purchase an annuity ("Annuity") from Aviva.

Based upon the request to surrender the Policy, Security/IAE cancelled the Policy and forwarded the cash surrender value ($329,668.96) to Aviva, which amount was used to purchase the Annuity. After Decedent passed away in February 2010, Aviva tendered the Annuity death benefits to Plaintiffs, paying each of them $188,815.46. Plaintiffs returned the checks to Aviva on the basis that they had already filed a lawsuit against Security/IAE to recover death benefits as beneficiaries under the Policy.

Plaintiffs allege that the Policy is still in full force and effect because Decedent's signature was forged on the request to surrender the Policy. Plaintiffs bring one cause of action against Security/IAE for breach of contract on the basis that they are the beneficiaries under the Policy and Security/IAE is obligated to pay them $1,000,000.00 each.

Security/IAE impleaded Aviva into this lawsuit on the basis that if Plaintiffs prevail, Security/IAE may be entitled to indemnity and/or contribution from Aviva. Security/IAE's First Amended Third Party Complaint ("FATPC"), Dkt. No. 49, alleges four causes of action against Aviva: (1) Implied Contractual Indemnity; (2) Declaratory Relief pursuant to 28 U.S.C. §§ 2201-2202 and California Code of Civil Procedure § 1060; (3) Negligent Misrepresentation; and (4) Money Had and Received.

Aviva filed a Cross-Complaint in Interpleader in which Aviva alleges that it is in possession of funds of which it is not the legal owner – either the cash surrender value the Policy ($329,668.96)

---

[1] Southland Life Insurance Company also was named as a defendant, but was dismissed from this lawsuit on or about April 18, 2011.

owed to Security/IAE or the value of the death benefits under the Annuity ($377,630.92) owed to Plaintiffs.  By way of its Cross-Complaint in Interpleader, Aviva seeks to deposit the larger sum – $377,630.92 plus interest – into the registry of the court so that the Court can determine who is entitled to the deposited funds.  Aviva also seeks an order enjoining the Interpleader Claimants "from prosecuting any action against Aviva for the payment of the interpleaded funds or relating in any way to the Annuity."  Dkt. No. 54 at 6.  Additionally, Aviva seeks an order discharging it from further liability to the Interpleader Claimants.  *Id*. at 7.  Security/IAE filed a Counterclaim to the Complaint in Interpleader ("Counterclaim"), Dkt. No. 58, asserting one claim for Declaratory Relief pursuant to 28 U.S.C. §§ 2201-2202 and California Code of Civil Procedure § 1060, seeking an identical declaration to the declaration they seek in their claim Declaratory Relief in the FATPC.

## II.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  All allegations of material fact are taken as true.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The plaintiffs' obligation under Rule 8 to provide the grounds of their entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted).  Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

## III.   DISCUSSION

Aviva argues that Security/IAE's Counterclaim for Declaratory Relief fails to state a claim and is "needlessly duplicative pleadings of the same claim for relief" because it simply recasts the request for Declaratory Relief set forth in their FATPC.[2]  A side-by-side comparison of the two

---

[2] In the alternative, Aviva argues the Counterclaim should be dismissed for the same reasons stated in its motion to dismiss the FATPC, Dkt. No. 53, where it argued the claim for Declaratory Relief in the FATPC fails because it is duplicative of the other claims in the FATPC.  Mot. to Dismiss 5-6.  Prior to reassignment of this case to the undersigned, Judge Hamilton granted in part the motion to dismiss as to the Declaratory Relief claim to the extent it is based on the implied indemnity claim but denied the motion to the extent it is based on the claims of negligent misrepresentation and money had and received, and to the extent that it is a prayer for relief as opposed to a cause of action.  *See* Order Granting in Part and Denying in Part Motion to Dismiss, Dkt.

pleadings confirms that the allegations for Declaratory Relief in the Counterclaim are virtually identical to the allegations for Declaratory Relief in the FATPC. *Compare, e.g.,* FATC ¶ 54 *with* Counterclaim ¶ 86.[3] The "difference" is that the scope of the controversy has changed from a controversy "between Security Life and IAE, on the one hand, and AVIVA, on the other," to a controversy "between and among Security Life and IAE, on one side, Darius Miller and Dara Miller, on another side, Lawrence W. Krieger[4] on another side, and AVIVA, on yet another." *Compare* FATPC ¶ 53 *with* Counterclaim ¶ 84. That said, the actual declaration that Security/IAE seek to resolve these "different" controversies is identical. *Compare* FATPC ¶ 54 *with* Counterclaim ¶ 86.

Security/IAE argue they need a declaration of the parties' rights because they and the other Claimants in Interpleader answered the Complaint in Interpleader by denying that Aviva's liability is limited to the amount it seeks to deposit into the court registry. On this basis, Security/IAE allege that there is an "actual and justiciable controversy" regarding the parties' respective rights and obligations and seek a declaratory judgment. *Id.* ¶ 84. However, none of these other parties has asserted a claim against Aviva, and Security/IAE does not purport to bring claims on behalf of other parties (nor would it have standing to do so). The declaration of rights sought by Security/IAE is identical in the FATPC and the Counterclaim. Thus, there is no new controversy between Security/IAE and Aviva on which to base a claim for a second Declaratory Relief cause of action in the same lawsuit.

Furthermore, Security/IAE argue that the scope of the controversy has increased because Security/IAE seek a declaration against additional parties.[5] And, Security/IAE argue that the

---

No. 80. In its reply, Aviva argues that, at a minimum, the Counterclaim should be dismissed for the same reasons stated by Judge Hamilton in her March 26, 2012 Order. Dkt. No. 82, at 4.

[3] In their FATPC, Security/IAE allege that "[a]n actual and justiciable controversy has arisen and exists . . . regarding their respective rights and obligations, if any, which may presently exist, as between each other, as well as to Plaintiffs, including but not limited to obligations owed by either of them under any and all insurance or annuity contracts purportedly entered into with Plaintiffs' decedent." FATPC ¶ 53. The Counterclaim similarly alleges "[a]n actual and justiciable controversy has arisen and exists . . . regarding their respective rights and obligations, if any, which may presently exist, as between each other, as well as to Plaintiffs, including but not limited to any rights retained and/or obligations owed by either of them under any and all insurance or annuity contracts purchased and/or owned by Bruce A. Miller." Counterclaim ¶ 84.

[4] Mr. Krieger is the Executor of Decedent's Estate.

[5] Security/IAE also argue that under the Federal Rules of Civil Procedure, a defendant to an interpleader action is permitted to file a counterclaim. Aviva does not argue that the Federal Rules of Civil Procedure do not

1 Counterclaim is asserted in response to Aviva's Cross-Complaint in Interpleader, which was not in
2 issue when they filed the FATPC. To the extent Security/IAE seeks to amend or supplement its
3 FATPC to set out any transaction, occurrence, or event that happened after the date of the FATPC,
4 the Court is amenable to a motion to amend or supplement the FATPC if there are grounds to grant
5 such a motion. In the meantime, if Security/IAE disputes that Aviva is entitled to the relief it seeks in
6 its Cross-Complaint in Interpleader, they may defend against the Cross-Complaint in Interpleader on
7 the merits. However, the Court **DISMISSES** the Counterclaim for failure to state a claim upon which
8 relief can be granted.

## IV. CONCLUSION

As set forth above, Aviva Life and Annuity Company's Motion to Dismiss the Counterclaim is **GRANTED WITHOUT LEAVE TO AMEND**.

The Counterclaim for Declaratory Relief of Security Life of Denver Insurance Company and ING America Equities, Inc. as to Aviva Life and Annuity Company is **DISMISSED WITH PREJUDICE**.

This Order Terminates Docket Number 77.

**IT IS SO ORDERED.**

Dated: April 18, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

27 permit counterclaims to complaints in interpleader, only that Security/IAE's fails to state a claim upon which relief can be granted. Security/IAE also argue that Aviva's grounds for dismissal are "disingenuous and
28 cynical" because Aviva also moved to dismiss the Declaratory Relief claim in the FATPC of which this action is duplicative. *See* Opp'n Br. 11. No legal authority is cited to support this second argument.