UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DARIUS MILLER *et al.*,**<br><br>   Plaintiffs,<br><br>   vs.<br><br>**SECURITY LIFE OF DENVER INSURANCE COMPANY *et al.*,**<br><br>   Defendants.<br><br>**AND RELATED ACTIONS.** | Case No.: 11-CV-1175 YGR<br><br>**ORDER DENYING AVIVA LIFE AND ANNUITY COMPANY'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiffs Darius and Dara Miller bring this action for breach of contract against Defendants ING America Equities, Inc.'s and Security Life of Denver Insurance Company (collectively "ING"). ING, as Third-Party Plaintiff, brought three claims against Third-Party Defendant Aviva Life and Annuity Company ("Aviva") for: (1) negligent misrepresentation, (2) money had and received, and (3) declaratory relief.

Aviva has filed a Motion for Summary Judgment on the grounds that: (1) ING cannot carry its burden of establishing the elements necessary to support a claim for negligent misrepresentation; (2) ING's claim for money had and received is moot; and (3) ING's claims for declaratory relief are duplicative and otherwise based upon meritless substantive claims. The Court heard oral argument on October 30, 2012.

Having carefully considered the papers and evidence submitted, the pleadings, and the argument of counsel, for the reasons set forth below, the Court hereby **DENIES** Aviva's Motion for Summary Judgment.

*1.     Summary Judgment Standard*

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

*2.     Analysis*

To prevail on a claim of negligent misrepresentation, a plaintiff must prove the following elements: (1) a false representation about a past or existing material fact, (2) made without any reasonable ground for believing it to be true, (3) with the intent to induce the plaintiff to rely upon it, (4) the plaintiff's reasonable and justified reliance on the false representation, and (5) resulting damages. *See Cont'l Airlines, Inc. v. McDonnell Douglas Corp.*, 216 Cal. App. 3d 388, 402 (1989). A reasonable trier of fact could find that (1) Aviva made a false representation about a material fact (2) without any reasonable ground for believing it to be true, (3) with the intent to induce ING to rely upon it, and (4) ING reasonably relied on the false representation. Further, as to damages, having reviewed the evidence submitted, the Court finds that Aviva has failed to meet its initial burden to show that no triable issue of fact exists as to reinstatement of the Life Policy in light of the language of the reinsurance treaties (Aviva's Exs. 9-15) and the underlying life insurance policy (ING's Ex. P). Accordingly, Aviva's Motion for Summary Judgment as to ING's negligent misrepresentation claim is **DENIED**.

Given that, at a minimum, the record before the Court does not include evidence of the exact amount of potential interest due from funds deposited with the Court, a genuine issue of material fact exists as to ING's claim for money had and received. Further, at the hearing, the parties agreed that if either or both of ING's substantive claims survived summary judgment, then a declaratory judgment on the parties' respective rights and obligations would be helpful. As such, Aviva's Motion for Summary Judgment as to the money had and declaratory relief claims is also **DENIED**.

*3.     Conclusion*

For the foregoing reasons, Aviva's Motion for Summary Judgment is **DENIED**.

2

This Order Terminates Docket Number 111.

**IT IS SO ORDERED**.

Date: **November 2, 2012**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**